UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMEDEE GEOTHERMAL VENTURE I,<br><br>Plaintiff,<br><br>v.<br><br>LASSEN MUNICIPAL UTILITY DISTRICT,<br><br>Defendant. | No. 2:11-cv-02483-MCE-DAD<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Amedee Geothermal Venture I ("Plaintiff"), a California Limited Partnership, sought redress from Defendant Lassen Municipal Utility District ("Defendant" or "LMUD") for damages allegedly arising from Defendant's reduction of the electrical voltage it supplied Plaintiff's power plant, from 34.5 kv to 12.47 kv. In a prior order, the Court granted Defendant's motion for summary judgment as to Plaintiff's federal claims brought under 42 U.S.C. § 1983 and declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(c).

Presently before the Court are Defendant's Motion for Attorneys' Fees under 42 U.S.C. § 1988 and request for costs (Def.'s Mot. for Att'ys' Fees, Dec. 23, 2013, ECF No. 105; Def.'s Bill of Costs, Dec. 11, 2013, EF No. 102). Plaintiff has timely filed

oppositions to Defendant's motion for attorneys' fees and for costs (Pl.'s Opp'n to Def.'s Req. for Costs, Dec. 18, 2013, ECF No. 104; Pl.'s Opp'n to Def.'s Mot. for Att'ys' Fees, Feb. 6, 2014, ECF No. 115).  Defendant has filed replies.  (Resp. to Pl.'s Opp'n & Objections to Def.'s Bill of Costs, Jan. 2, 2014, ECF No. 106; Def.'s Reply to Pl.'s Opp'n to Mot. for Att'ys' Fees, Jan. 13, 2014, ECF No. 116.)

For the reasons set forth below, Defendant's Motion for Attorneys' Fees is DENIED, and Defendant's Bill of Costs is APPROVED.[1]

## FACTUAL & PROCEDURAL BACKGROUND[2]

Plaintiff is a private entity that runs a geothermal power plant in Lassen County. Defendant is the Lassen County Municipal Utility District.  Up until 2009, Defendant supplied Plaintiff's power plant the electricity it needed to start the various turbines, and run the equipment, Plaintiff's power plant used to then generate electricity from geothermal energy.

According to allegations contained in Plaintiff's complaint, in 2009, Defendant unilaterally converted the electricity supply line to Defendant's power plant from 34.5 kv to 12.47, giving rise to this dispute.

Plaintiff filed suit in federal court and asserted in its initial complaint various state law claims for breach of the contract in which Defendant agreed to supply Plaintiff electricity.  Plaintiff asserted no federal claims therein.  Instead, Plaintiff asserted federal question subject matter jurisdiction arose from the fact that "the transmission of electric power is regulated by the Federal Energy Regulatory Commission ('FERC')."  (Compl. ¶ 1, Sept.19, 2011, ECF No. 1.)

///

---

[1] Finding that oral argument would not be of material assistance, the Court previously ordered this matter submitted on the briefs.  E.D. Cal. Local R. 78-230(g).

[2] In a prior order, the Court set forth the factual background in greater detail.  (Mem. & Order 1:8-2:18, Nov. 27, 2013, ECF No. 98.)

After Defendant moved to dismiss for lack of federal question jurisdiction, Plaintiff filed an amended complaint in which it asserted federal constitutional claims against Defendant, a municipal utility district, for violation of the Fourth, Fifth, and Fourteenth Amendments.  Specifically, Plaintiff asserted that by depriving Plaintiff of the electricity it had a contractual right to, Defendant had unreasonably "seized" property in violation of the Fourth Amendment and had committed an unconstitutional "taking" of property in violation of the Fifth and Fourteenth Amendments.  Plaintiff did not specifically invoke 42 U.S.C. § 1983 in its complaint.

Defendant then moved for summary judgment, and summary judgment was granted.  Even though Plaintiff did not invoke § 1983 as its private right of action, Plaintiff argued under § 1983 in its opposition, and the Court construed Plaintiff's claims as if brought under § 1983.  The Court held there was no genuine dispute of material fact whether the alleged constitutional violation was the result of "a single decision by [Defendant's] properly constituted legislative body." (Mem. & Order 6:18-22, Nov. 27, 2013, ECF No. 98.)  In the alternative, the Court held there was no genuine dispute of material fact on Plaintiff's Fourth Amendment claim under § 1983 because: "Plaintiff points to no authority for the proposition that its asserted <u>contractual</u> right to continued 34.5 kv electricity rises to a <u>property</u> interest protected by the Fourth Amendment." (Id. at 11:8-10.)  The Court reached this conclusion because the Ninth Circuit had held "the application of the fourth amendment to governmental conduct in a noncriminal context . . . is limited," <u>United States v. Attson</u>, 900 F.2d 1427, 1430 (9th Cir. 1990), and because the Ninth Circuit had also held "governmental conduct which is not actuated by an investigative or administrative purpose will not be considered a 'search' or 'seizure' for purposes of the fourth amendment," <u>id.</u> at 1431.  In light of the absence of authority and of evidence the governmental conduct was actuated by an investigative purpose, summary judgment was granted on this claim. (Mem. & Order 11:8-16, Nov. 27, 2013, ECF No. 98.)

///

The Court also declined to exercise supplemental jurisdiction over Plaintiff's Fifth and Fourteenth Amendment taking claim because Plaintiff had not yet exhausted state administrative remedies.  (Id. at 12:5-13:4.)  Because there were no remaining federal claims, the Court declined to continue to exercise supplemental jurisdiction and dismissed the case under 28 U.S.C. § 1367(c).

Defendant now requests attorney's fees and costs from Plaintiff for asserting federal constitutional claims, which it argues were frivolous, forcing Defendant to litigate in federal rather than state court.  Defendant argues it was the "prevailing party" entitled to attorney's fees under 42 U.S.C. § 1988.  Plaintiff opposes.

## STANDARDS

### A.  Standard for Attorney's Fees

Section 1988 of title 42 of the U.S. Code provides in pertinent part: "In any action . . . to enforce a provision of section[] . . . 1983 . . . , the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."  42 U.S.C. § 1988(b).  The Supreme Court has clarified that attorney's fees may be awarded to a prevailing defendant in civil rights cases, including suits brought under § 1983, only upon "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation."  Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978).  This rigorous standard applies to prevailing defendants—as contrasted with prevailing plaintiffs—because the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant."  Id. at 418-19 (internal quotation marks omitted); see also id. at 422 ("To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement" of civil rights statutes such as section 1983).

///

A plaintiff's civil rights claim is "frivolous" under the Christiansburg test if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The prevailing defendant "bears the burden of establishing that the fees for which it is asking are in fact incurred solely by the need to defend against those frivolous claims." Harris v. Maricopa Cnty. Super. Ct., 631 F.3d 963, 971 (9th Cir. 2011). The Ninth Circuit has held that attorney's fees may be awarded against an unsuccessful § 1983 plaintiff only "in exceptional circumstances." Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1990).

### B. Standard for Costs

"Unless . . . a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). The Ninth Circuit has interpreted Rule 54(d) "to create a presumption in favor of awarding costs to the prevailing party," Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1997), and the burden is on the losing party to "show why costs should not be awarded," Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003) (citing Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999); Nat'l Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471-72 (9th Cir. 1995)). The type of costs that may be awarded under Rule 54(d) are limited, however, to those enumerated by statute in 28 U.S.C. §§ 1920, 1924. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987).

The district court has discretion under Rule 54 to determine what constitutes a taxable cost within the meaning of § 1920. Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990). This discretion is also "a power to decline to tax, as costs, the items enumerated in § 1920." Crawford Fitting Co., 482 U.S. at 442.

Although a district court must "'specify reasons' for its refusal to tax costs to the losing party," a court need not specify reasons for its "decision to abide the presumption and tax costs to the losing party." Save Our Valley, 335 F.3d at 945 (citing Ass'n of Mex.–Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) (en banc)) ("The presumption itself provides all the reason a court needs for awarding costs, and when a

///

5

district court states no reason for awarding costs, [the reviewing court] will assume it acted based on that presumption.").

A court abuses its discretion by awarding costs only in the "rare occasion" where "severe injustice will result from an award of costs," and the court does not conclude the presumption in favor of awarding costs has been rebutted. Id.

## ANALYSIS

As an initial matter, the Court finds Defendant was the prevailing party in this action. The parties do not dispute this point. The issues to be decided here are (A) whether Defendant has shown Plaintiff's claims were "frivolous" to warrant prevailing-party attorney's fees under 42 U.S.C. § 1988; and (B) whether Plaintiff has shown "exceptional circumstances" justify departure from Rule 54(d)'s presumption that Plaintiff pay Defendant's costs. These issues are analyzed in turn below.

### A.   Attorney's Fees

Defendant argues Plaintiff's "entire case was frivolous because this matter would not have been before this Court but for the meritless constitutional claims." (Def. Lassen Municipal Utility District's Mot. for Att'ys' Fees ("Mot. for Att'y Fees") 9:14-15, Dec. 23, 2013, ECF No. 105-1.) After considering the parties' arguments on this issue and the applicable law, the Court does not agree Plaintiff's case was "frivolous."

A civil rights claim under § 1983 is not "frivolous" merely because the "plaintiff did not ultimately prevail." EEOC v. Bruno's Rest., 13 F.3d 285, 287 (9th Cir. 1993) (quoting Christiansburg, 434 U.S. 421-22). If the plaintiff "made plausible argument as to why they should prevail[,] the fact that the arguments were not successful doesn't make them frivolous." R.P. ex rel. C.P. Prescott Unified Sch. Dist., 631 F.3d 1117, 1126 (9th Cir. 2011). For example, even if the court grants summary judgment because no "reasonable jury could return a verdict in [the plaintiff's] favor," the court may still deny a prevailing defendant's attorney's fees. Brooks v. Cook, 938 F.2d 1048, 1054-55 (9th Cir.

6

1991) ("We have denied defendants' attorneys' fees even in some cases that never reached the jury . . . ." (collecting cases)).  Further, if a plaintiff's claims "raised a question that was not answered clearly by [Ninth Circuit] precedent," then those claims were not frivolous.  Gibson v. Office of Att'y Gen., State of Cal., 561 F.3d 920, 929 (9th Cir. 2009); see also Legal Servs. of N. Cal., Inc. v. Arnett, 114 F.3d 135, 141 (9th Cir. 1997) (denying attorney's fees to a prevailing defendant in a civil rights case because the plaintiff "was launching a good faith effort to advance a novel theory" even though the "position was unsupported by existing precedent").

     First, the Court finds Plaintiff's Monell claims for municipal liability against Lassen Municipal Utility District—although ultimately unsuccessful—were nonetheless nonfrivolous, and Defendant has not met its burden to obtain attorney's fees as a prevailing defendant on these claims.  In a prior order, the Court granted summary judgment on Plaintiff's Monell claims because Plaintiff's proffered evidence was "insufficiently specific to create a genuine dispute of material fact" as to whether Defendant's official policymakers were the moving force behind the alleged constitutional injury.  (Mem. & Order 9:17-10:2, Nov. 26, 2013, ECF No. 98.)  Plaintiff offered insufficient evidence from which a jury could infer Defendant's official policymaker—LMUD's Board—specifically voted to change the electricity voltage of the supply line to Plaintiff's power plant from 34.5 to 12.75 kv.  However, "it was reasonable" for Plaintiff to believe Defendant's officers' depositions "would reveal" that the LMUD Board "had a more significant role" in the decision to change the electrical voltage than the evidence ultimately revealed.  Edgerly v. San Francisco, 599 F.3d 946, 962 (9th Cir. 2010) (affirming district court's denial of attorneys' fees before completing discovery even though the court "properly dismissed Edgerly's § 1983 claims against Schiff" for failure to adduce evidence of "supervisorial liability").  Further, Plaintiff presented plausible arguments in opposition to summary judgment on its Monell claims.  Cf. R.P., 631 F.3d at 1126 (reasoning if the plaintiff "made plausible argument as to why they should

///

prevail[,] the fact that the arguments were not successful doesn't make them frivolous."). Therefore, the Court finds Plaintiff's Monell claims were not frivolous.

The Court reaches the same conclusion as to Plaintiff's Fourth Amendment claim. In addition to granting summary judgment on the Monell component of Plaintiff's § 1983 claims, the Court in the alternative reached the merits of Plaintiff's novel Fourth Amendment constitutional claim—that by violating Plaintiff's "asserted contractual right to continued 34.5 kv electricity," Defendant violated Plaintiff's "property interest protected by the Fourth Amendment['s]" prohibition of unreasonable seizures. (Mem. & Order 11:8-10, Nov. 26, 2013, ECF No. 98.). The Court granted Defendant summary judgment on this claim because of the absence of any authority supporting Plaintiff's asserted constitutional interest, and because the Ninth Circuit had observed "the application of the fourth amendment to governmental conduct in a noncriminal context" is "limited." (Id. at 11:1-15 (quoting United States v. Attson, 900 F.3d 1427, 1430 (9th Cir. 1990)).) The Court did not, however, grant summary judgment because Plaintiff's argument was foreclosed by prior precedent. Cf. Gibson, 561 F.3d at 929 (denying attorney's fees because the plaintiff's claims "raised a question that was not answered clearly by [Ninth Circuit] precedent"). On the contrary, the Court granted summary judgment because of the "absence of any authority." (Mem. & Order 11:13, Nov. 26, 2013, ECF No. 98.) Thus, the Court finds that Plaintiff "was launching a good faith effort to advance a novel theory" even though the "position was unsupported by existing precedent." Legal Servs. of N. Cal., Inc., 114 F.3d at 141. Therefore, Plaintiff's Fourth Amendment claim was not "frivolous, unreasonable, or without foundation." Christiansburg Garment Co., 434 U.S. at 421.

Finally, Plaintiff's takings claim was not "frivolous" or "unreasonable" either. As Plaintiff correctly points out in its opposition, the Court did not reach the merits of Plaintiff's Fifth and Fourteenth Amendment takings claim. (See Pl.'s Opp'n to Def.'s Mot. for Att'ys' Fees 10:27-28, Feb. 6, 2014, ECF No. 115.) Instead, the Court dismissed Plaintiff's takings claim as "premature" because Plaintiff had not yet availed itself of state

8

inverse condemnation procedures.  (Mem. & Order 12:5-10, Nov. 26, 2013, ECF No. 98 (quoting Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195-97 (1985)).)  The Court noted that other courts have exercised supplemental jurisdiction over unexhausted takings claims if there was "subject matter jurisdiction over another claim in the action."  (Id. at 12:14-17 (quoting Picard v. Bay Area Reg'l Transit Dist., 823 F. Supp. 1519, 1527 (N.D. Cal. 1993)).)  But the Court declined to exercise supplemental jurisdiction because Plaintiff's only other federal claim under the Fourth Amendment did not survive summary judgment.  (Id. at 12:22-13:14.)

   The Court finds Plaintiff's request that the Court exercise supplemental jurisdiction over its unexhausted takings claim was reasonable even though the Court ultimately dismissed Plaintiff's claim as unexhausted.  As discussed above, Plaintiff's Fourth Amendment claim was not "frivolous, unreasonable, or without foundation."  Christiansburg Garment Co., 434 U.S. at 421.  Here, Plaintiff could have reasonably believed under cases like Picard that this Court would exercise supplemental jurisdiction over its unexhausted takings claim.  This is so because Plaintiff could have reasonably thought its Fourth Amendment claim would survive summary judgment; so the court would have had federal question jurisdiction over at least one other federal claim.  See Picard, 823 F. Supp. at 1527 (reasoning "that a district court may properly exercise pendent jurisdiction over a state taking claim after having dismissed a federal taking claim for lack of ripeness if the district court has subject matter jurisdiction over another claim in the action.").  Under these circumstances, the Court cannot find Plaintiff's claims were frivolous or unreasonable.

   Therefore, the Court DENIES Defendant's Motion for Attorney's Fees.

**B. Costs**

   Defendant also seeks $32,926.41 in costs.  The bulk of these costs ($31,111.75) arises from fees for printing or electronically recording transcripts "obtained for use in the case."  (Bill of Costs 1, Dec. 11, 2013, ECF No. 102.)  Review of Defendant's attached itemized list and receipts reveals that these costs are largely fees for stenographers and

videographers, and for transcripts of witness depositions.  (See id. at 3-4.)  Additionally, Defendant seeks copying and printing costs ($895.80), witness fees ($360.00), and subpoena service costs ($918.86).  These categories of costs are within the types of costs enumerated by statute in 28 U.S.C. § 1920 and may be awarded to Defendant.  See Crawford Fitting Co., 482 U.S. at 444-45.

Plaintiff opposes and objects to Defendant's request for costs arguing "the proceeding was disposed of on summary judgment on purely jurisdictional grounds." (Pl.'s Opp'n to Def.'s Req. for Costs 1:22-23, Dec. 18, 2013, ECF No. 104.)  Accordingly, Plaintiff argues the only cost Defendant is entitled to is the portion of Ray Luhring's deposition testimony relied on by the Court's summary judgment order.  (Id. at 2:1-4.) Plaintiff also objects to the costs associated with videotaping of depositions.  Plaintiff's opposition to Defendant's Bill of Costs relies primarily on an Iowa district court decision, Chester v. Northwest Iowa Youth Emergency Center, 158 F.R.D. 626 (N.D. Iowa 1994), in which the court denied the prevailing defendant costs in a civil rights action and held "all of these circumstances amount to exceptional circumstances justifying relief from the award of costs in this case," id. at 632.

The Court concludes Plaintiff has not overcome the presumption of taxing costs in favor of the prevailing party: Plaintiff's case was not disposed of on purely jurisdictional grounds, and Chester is inapposite.  The differences between this case and Chester illustrate why costs are warranted here.  In Chester, the court dismissed the plaintiff's sole federal claim (under Title VII) for lack of subject matter jurisdiction and declined supplemental jurisdiction over the related state law claims; the court never reached the merits of any claim.  158 F.R.D. at 628.  In contrast, here, this Court reached the merits of the Monell component of Plaintiff's claims for municipal liability and Plaintiff's underlying Fourth Amendment constitutional claim—granting summary judgment as to both after relying on deposition testimony.  Thus, as Defendant points out in reply, contrary to Plaintiff's argument, this Court's decision was not "purely jurisdictional."

Moreover, the court in Chester denied costs in part because of the significant disparities of resources between the corporate defendant and the plaintiff employee there, id. at 631 (citing Wal-Mart Stores, Inc. v. Crist, 123 F.R.D. 590, 595 (W.D. Ark. 1988)); whereas here, the dispute is of a primarily commercial nature between Plaintiff, a private power company, and Defendant, "a small, rural public utility" that faced the possibility of bankruptcy had it lost this case, according to its General Manager William Stewart. (Decl. William Stewart ¶ 3, Feb. 6, 2014, ECF No. 105-8.) Thus, unlike Chester, there does not appear to be a "significant disparity in the resources" between Plaintiff and Defendant here. 158 F.R.D. at 631. Further, the court in Chester noted that the information necessary for the plaintiff there to determine her federal claim lacked jurisdiction was in the defendant's possession and she could have learned this if "defendants had been more forthcoming in the discovery process." 158 F.R.D. at 631. The court denied costs also because the defendant failed to seek to have "the matter . . . dismissed in favor of litigation in state court much sooner." Id. Here, there is no evidence Defendant was not forthcoming in discovery, and Defendant moved to dismiss Plaintiff's initial complaint—which did not contain a single federal claim—for lack of subject matter jurisdiction early in the case. Plaintiff quickly amended to assert its nonfrivolous but ultimately unsuccessful constitutional claims perhaps in an attempt to keep this case in federal court, as Defendant argues. (See Def.'s Mot. for Att'ys' Fees 12:1-16, Dec. 23, 2013, ECF No. 105 ("[Plaintiff] amended its Complaint to add specious claims based on the U.S. Constitution . . . . solely to prevent the case from being moved into state court where the parties could have litigated the matter to finality—once.").) In short, the circumstances in this case are a far cry from the "exceptional circumstances" that justified relief from the award of costs in Chester, 158 F.R.D. at 632

Therefore, Plaintiff has not met its burden to show that a "severe injustice will result from [the] award" of $32,926.41 in costs in this case. Save Our Valley, 335 F.3d at 945.

**CONCLUSION**

Therefore, IT IS HEREBY ORDERED that,

1. Defendant's Motion for Attorney's Fees under 42 U.S.C. § 1988 (ECF No. 105) is DENIED, and
2. Defendant's bill of costs (ECF No. 102) is APPROVED, and Defendant is awarded $32,926.41 in costs.

IT IS SO ORDERED.

Dated:  March 25, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT